# IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

**FILED**

**January 30, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

VICKIE DIANNE TUTTLE, )
         )
  Plaintiff/Appellee,  )
         )
         )  Coffee Circuit
VS.         )  No. 1883D
         )
         )  Appeal No.
ROBERT EDWARD TUTTLE, )  01A01-9512-CV-00546
         )
  Defendant/Appellant. )

## O R D E R

This appeal involves a contested divorce proceeding in which one of the litigants is an incarcerated felon. We filed our opinion affirming the trial court on October 10, 1997 based only on our consideration of the record and the husband's brief because the wife did not file a brief and made no other appearance of any sort on this appeal.

On December 23, 1997, Ms. Tuttle's lawyer mailed a letter to the three members of the panel explaining his role in the litigation court and taking issue with portion of the opinion stating that "any technical defect resulting from Ms. Tuttle's counsel's failure to comply with Tenn. Code Ann. § 36-4-107(a) is of no consequence." Ms. Tuttle's lawyer asserts that he was not responsible for the contents of Ms. Tuttle's complaint because he was not representing her when the complaint was filed. We will treat Ms. Tuttle's lawyer's letter as a late-filed petition for rehearing. Even though the letter was not filed within ten days of the entry of our opinion, we have determined that the unusual circumstances surrounding this appeal warrant altering the portion of our October 10, 1997 opinion referring to counsel's failure to comply with Tenn. Code Ann. § 36-4-107(a).

It is, therefore, ordered that the clerk file the December 23, 1997 letter and mail a copy of the letter to Mr. Tuttle since the letter bears no indication that he has been provided with a copy.

If is further ordered that page 5 of the October 10, 1997 opinion be withdrawn and replaced with the revised page 5 attached hereto.

It is further ordered that Ms. Tuttle's lawyer, having entered the case as counsel of record, remains Ms. Tuttle's lawyer for all purposes, even if he is representing Ms. Tuttle pro bono, unless he is formally relieved of his responsibilities by proper court order.

ENTER, this _____ day of January, 1998.

_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION

_____
SAMUEL L. LEWIS, JUDGE

_____
WILLIAM C. KOCH, JR., JUDGE